**LIBERTY MUT. INS. CO. v. VALLEN-DINGHAM et al.**

**Civ. A. No. 3372–49.**

United States District Court.
District of Columbia.

Nov. 28, 1950.

Paul R. Connolly, of Washington, D. C., for third-party defendant, for the motion.

Edwin A. Swingle, of Washington, D. C., for the defendants, opposed.

HOLTZOFF, District Judge.

This case involves a very interesting point as to the liability of an employer who carries workmen's compensation insurance, with respect to an injury sustained by one of his employees in the course of his employment. In this case the injured employee elected to accept compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The insurance carrier, however, by way of subrogation brought suit against two third parties whose negligence is claimed to have contributed to the injury. The defendants then brought in the employer as a third

party defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The procedure followed by the defendants is entirely proper if they have a right to recover over as against the employer on the theory that the contributory negligence of the employer was a proximate cause of the accident. We, therefore, are confronted with a question of substantive law, namely, whether an employer under such circumstances is liable for contribution to the insurance carrier or to a third party whose negligence caused the employee's injury.

 To resolve this question we must have recourse to the statute. Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, provides, in part, as follows: "The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *." It is argued that this provision releases the employer who carries workmen's compensation insurance only from liability to the employee and anyone standing in the employee's shoes. The statute is, however, broader than this. It also releases the employer from liability to "anyone otherwise entitled to recover damages from such employer * * * on account of such injury or death". It seems to the Court that a right of contribution arising out of the claim that the employer is a joint tort feasor, is a right "to recover damages * * * on account of such injury or death". It seems necessarily to follow, therefore, that the release provided by the statute is broad enough to cover claims for contribution based on the contention that the employer is a joint tort feasor.

This conclusion was also reached by the Circuit Court of Appeals for the Second Circuit in American Mutual Liability Insurance Co. v. Matthews, 182 F.2d 322, as well as by the highest court of Maryland in Standard Wholesale Phosphate and Acid Works v. Ruckert Terminals Corporation, 65 A.2d 304.

The third party complaint also seeks to recover property damage alleged to have been caused by the negligence of the third party defendant. A third party complaint may not, however, be used for this purpose because Rule 14 is limited to cases in which the third party plaintiffs seek to recover from the third party defendant on a secondary liability arising out of the plaintiff's claim against the original defendant.

Motion to dismiss the third party complaint is granted.