Arthur A. FOGEL, Administrator of the Estate of William Gruber, Decedent,

v.

UNITED GAS IMPROVEMENT COMPANY, Defendant,

D. & C. Spinosa Co., Defendant and Third-Party Plaintiff,

v.

UNITED ENGINEERS & CONSTRUCTORS, INC. and City of Allentown, Third-Party Defendants.

Civ. A. No. 27251.

United States District Court
E. D. Pennsylvania.
Jan. 23, 1963.

E. G. Scoblionko, Scoblionko & Malkames, Maxwell E. Davison, Allentown, Pa., for plaintiff.

William S. Hudders, Butz, Hudders, Tallman & Wieand, Allentown, Pa., for United Gas Imp't. Co.

Morris Mindlin, Mindlin, Sigmon, Briody & Littner, Bethlehem, Pa., for D. & C. Spinosa Co.

Thomas Raeburn White, Jr., White & Williams, Philadelphia, Pa., for City of Allentown.

John J. McDevitt, III, Philadelphia, Pa., for United Engineers & Constructors, Inc.

GRIM, District Judge.

Plaintiff's decedent was killed at Allentown, Pennsylvania, in December, 1958, by an explosion involving leaking gas. Plaintiff sued United Gas Improvement Company (U.G.I.) and D. & C. Spinosa Co. (Spinosa), averring negligence on the part of both of them. U.G.I. was the owner of the gas main involved. Spinosa was the contractor who was laying it. Spinosa brought in United Engineers and Constructors, Inc. (U.E. & C.), which was doing engineering work on the job, as a third-party defendant, averring that if Spinosa were liable, U.E. & C. was liable to it for all or part of what it might be compelled to pay. Since December 11, 1959, U.G.I. and Spinosa have been original defendants in the case and U.E. & C. has been a third-party defendant. On December 1, 1962, defendant U.G.I. moved for leave to file cross-claims against defendant Spinosa and third-party defendant U.E. & C., averring liability over in the event that U.G.I. should be held liable to plaintiff. Spinosa and U.E. & C. oppose the motion to file cross-claims.

Three years had passed after service was made in the original actions and before the cross-claims were filed. This, it is contended, was too long a time and the cross-claim actions, consequently, were filed too late. The practice relative to the filing of cross-claims is controlled by F.R.Civ.P. 13. Neither the federal rules nor the rules of this court impose any limitation on the time when cross-claims may be filed. There is no time limitation in the federal rules on the time for bringing third-party actions either, but Local Rule 19 of this court limits the time for bringing third-party actions to six months after service on the party who might bring a third-party action. Since third-party actions are by their nature cross-claims, it is contended that cross-claim actions should be subject to the same time limitation as third-party actions. The contention really is that Local Rule 19, which now applies only to F.R.Civ.P. 14 (third-party actions), should be enlarged so as to apply to F.R.Civ.P. 13(g) as well. This I shall not do. It is true, of course, that this court can and will control third-party actions and cross-claim actions in such a way that justice will be done to all parties and the bringing of the original action to trial will not be retarded by them, but in the absence of a showing of injustice to some one or a delay of the trial, no arbitrary time limitation without an express rule of court will be imposed by

me upon the filing of cross-claims. No contention has been made that the filing of the cross-claim actions will delay the trial or bring about an injustice in the present case. The filing of the cross-claims will be allowed.

Another point is raised. It is contended that the cross-claims will unduly complicate the trial. Admittedly they may complicate the trial somewhat, but on the other hand they will make it possible in one trial to dispose of problems which otherwise might require several additional trials. The advantages outweigh the disadvantages.

F.R.Civ.P. 13(g), which controls the filing of cross-claims, provides:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action * * *."

It will be seen that an action for a cross-claim can be filed only against a "co-party." U.E. & C. contends that "co-party" means equal party, as for instance one of several original defendants, and that the rule does not apply to it since it is a third-party defendant brought into the case by an original defendant on a theory of liability over. This contention is incorrect. "Co" is a prefix which "signifies in general *with, together, in conjunction, jointly*." (Webster's Unabridged Dictionary, 2nd ed.) Even though U.E. & C.'s position in the case is somewhat different from the positions of the original defendants, it is a co-party within the meaning of Rule 13(g).

### ORDER

AND NOW, January 23, 1963, the objections to the motion of defendant U.G.I. are overruled and permission is granted to United Gas Improvement Company to file cross-claims as requested.