**Patricia MURRAY, Administratrix of the Estate of Dennis P. Cashman, Deceased, Plaintiff,**

**v.**

**HAVERFORD HOSPITAL CORP. et al.**

**v.**

**Joan C. ZELLERS, Third-Party Defendant.**

**Civ. A. No. 41610.**

United States District Court
E. D. Pennsylvania.

Jan. 11, 1968.

Joseph R. Livesey, of LaBrum & Doak, Philadelphia, Pa., for plaintiff.

**6**

James J. McCabe, Jr., of Duane, Morris & Hecksher, Philadelphia, Pa., for third-party defendant Joan C. Zellers.

A. Grant Sprecher, of Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant Lewis.

Francis E. Shields, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant Norton Hering, M.D.

James J. McEldrew, of Cole, McEldrew, Hanamirian & McWilliams, Philadelphia, Pa., for defendant Harold Haft, M.D.

## OPINION ORDER

KRAFT, District Judge.

Before us is a motion by the third-party defendant, Joan C. Zellers, to dismiss the third-party complaints filed by several of the defendants in this action. The plaintiff's claim against defendants is bottomed on their alleged malpractice. As third-party plaintiffs, defendants allege that the third-party defendant, Joan Zellers, by her negligent operation of her automobile, caused the plaintiff's decedent to suffer "injuries which ultimately resulted in his death * * *."

The third-party defendant asserts "that she may not be found liable for contribution or indemnity for the consequences of the malpractice of the physicians and hence the third-party complaints fail to state a cause of action and should be dismissed. There is no direct suit by the plaintiff against Joan C. Zellers."

Initially, we note that "it is irrelevant to the defendant's right to bring in a third party claimed to be liable over to the defendant, that the *plaintiff* has no claim against the third-party, or declines to assert a claim against him." 3 Moore's Fed.Prac. § 14.10 p. 555 (cases cited) 2 ed. 1966. (emphasis in text).

■ For purposes of ruling upon the pending motion, the allegations of the third-party complaint must be deemed to be true. Simply stated, as it *now* appears from the record, the defendants claim that the injuries caused by Joan C. Zellers' negligence contributed[1] to the decedent's demise.

■ Under F.R.Civ.P. 14(a) in order to sustain a third-party claim, the defendant is only required to show that the third party "may" be liable to the defendant. At this stage of this litigation (suit was filed on November 23, 1966) we might, speculatively, envision situations, which if later proved, could conceivably establish the defendants' rights to contribution.

"Upon a trial of the facts there may or may not be made out a case whereby [Zellers] can be compelled to contribute to [the defendants]."

"We think it is premature, therefore, to dismiss the third-party complaint at this stage." Gartner v. Lombard Bros., et al., 197 F.2d 53, 55, 56 (3 Cir. 1952).

■ In perusing the record herein we note that several of the defendants have filed certain claims against the third-party defendant for indemnity or contribution, which they have denominated as "cross claims". While labels have no *substantive* bearing on the content of a claim for indemnity or contribution, we believe that Rule 13(g) was intended to regulate cross-claims between "co-parties" and contemplated that such cross-claims should be asserted against parties having like status, such as, co-defendants.[2]

Third-party practice is specifically provided for in F.R.C.P. 14, which provides, inter alia, that the third-party defendant "shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff *and cross-claims against other third-party defendants as provided in Rule 13*." (emphasis ours)

---

1. Counsel for defendant, Lewis, conceded in his brief and at argument on the motion that "Lewis cannot seek indemnity from Zellers."

2. Contra, Fogel v. United Gas Improvement Co., 32 F.R.D. 202, 204 (E.D.Pa. 1963), with which, in this respect, we disagree.

The language quoted amply indicates the clear intent of the framers of the Federal Rules to characterize co-parties as parties having like status. Were the intent otherwise confusion would result, as in this case, with some defendants serving third-party complaints under Rule 14, *after obtaining leave of court*, and other defendants simply filing cross-claims purportedly under Rule 13(g), which does not require summons and complaint or, under any circumstances, leave of court to serve notice to the plaintiff upon motion and notice to all parties to the action.

We are of the opinion, therefore, that the cross-claims of Norton Hering, M.D., Haverford Hospital Corporation, The Medical Center of Havertown, Inc., Phyllis Kelly, Shirley S. Bloom, M.D., Ira Blank, M.D., Grace Bastian, M.D. should be dismissed, without prejudice to the right of such defendants to file and serve upon Joan C. Zellers third-party complaints upon compliance with Rule 14(a).