**Charles DAHL et al., Jointly and Severally, Plaintiffs,**

v.

**Howard CRAWFORD and Randy Crawford, Jointly and Severally, Defendants.**

**Civ. A. No. 37737.**

United States District Court, E. D. Michigan, S. D.

Oct. 10, 1972.

1360

Ernest L. Citron, Detroit, Mich., for plaintiffs.

Sanford N. Lakin, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING THE CLAIMS OF CHARLES DAHL AND ED WYDRA

PHILIP PRATT, District Judge.

This case arises from an automobile collision. Defendant allegedly struck a car carrying the plaintiffs. Each of the three plaintiffs claims damages from the defendant. Pursuant to defendant's motion to dismiss for lack of jurisdiction over the subject matter, Rule 12(b)(1), the Court determined to a legal certainty that plaintiffs Charles Dahl and Ed Wydra would not recover an amount in excess of the $10,000 jurisdictional amount required in diversity cases by 28 U.S.C. § 1332 (1971), Gill v. Allstate Insurance Co., 458 F.2d 577 (6th Cir. 1972); Jeffries v. Silvercup Bakers, 434 F.2d 310 (7th Cir. 1970); St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). While expressing its reservations, the Court held that at the present time it was not a legal certainty that plaintiff Byron Dahl's claim would be for less than $10,000. Both parties then requested this Court to retain jurisdiction over the claims of Charles Dahl and Ed Wydra since those claims were "pendent" to that of Byron Dahl.

The issue is whether the Court should retain jurisdiction over the two claims that fail to meet the jurisdictional amount of 28 U.S.C. § 1332 (1971). Under the discretion granted this Court by United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court elects not to exercise pendent jurisdiction over the claims that fail to meet the jurisdictional amount.

*Gibbs* recognized that while the trial court often has the power to hear pendent claims, it is a matter of discretion whether the trial court utilizes that power. *Gibbs* stated:

"That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a

doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." 383 U.S. at 726, 86 S.Ct. at 1139.

*Gibbs* recognized that jurisdiction should not be exercised if the state claims predominate the suit. *Gibbs* outlined the following criteria for a trial court to consider in exercising its discretion:

> "Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." 383 U.S. at 726–727, 86 S.Ct. at 1139.

If the claims of Charles Dahl and Ed Wydra are denominated "state claims", as suggested by the parties, it is seen that the state claims are ideally suited for resolution by a state tribunal. When compared to the weak "federal claim" of Byron Dahl, the state claims predominate in terms of number and comprehensiveness. The state claims predominate in terms of proof since the damage to each plaintiff must be proved. The scope of the issues raised by the "state claim" will be just as broad as those raised by the "federal claim", and all the claims will necessitate the application of Michigan law. Accordingly, the Court elects to leave the claims of Charles Dahl and Ed Wydra for resolution by the state courts.

It should be pointed out that nothing in Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3rd Cir. 1971) stands in way of this Court exercising its discretion not to hear the "state claims." The question in *Schwab* was whether a third party plaintiff could join a claim independent of the claim for contribution, but arising from the same accident, against the third party defendant. Holding such claims to be cognizable pursuant to ancillary jurisdiction, the Court of Appeals for the Third Circuit held it to be an abuse of discretion for the trial judge to dismiss the independent third party claim. The Court stressed that the claim was ancillary, and hence the discretion concerning pendent claims contained in *Gibbs* was inapplicable, 438 F.2d at 71.

As the tortured use of the terms "state claim" and "federal claim" suggests, there is another reason why this Court refuses to retain jurisdiction over the claims of Charles Dahl and Ed Wydra. This Court questions whether the doctrine of pendent jurisdiction espoused in *Gibbs* applies to cases involving diversity exclusively, instead of federal question claims. One of the claims in *Gibbs* was based on state law. That claim alleged an unlawful conspiracy and an unlawful boycott aimed at plaintiff as well as malicious interference with plaintiff's contract of employment, 383 U.S. at 720, 86 S.Ct. 1130. The other claim in *Gibbs* was based on federal law. The claim was premised on allegations of secondary boycotts under 29 U.S.C. § 187 (1964), 383 U.S. at 720, 86 S.Ct. 1130. In contrast, all three claims in the case at bar involve Michigan tort law exclusively. There are no such weighty considerations as the federal doctrine of preemption presented in the case at bar that induced the Court in *Gibbs* to carve an exception in Article III, Section 2, of the United States Constitution for state claims arising from the same core of facts as those claims involving federal questions, 383 U.S. at 728–729, 86 S.Ct. 1130.

A demonstration of the inappropriateness of extending the *Gibbs* doctrine of pendent jurisdiction to exclusively diversity claims has been demonstrated by the tortured construction of "state issue" and "state claim" needed to make the Court's discussion of trial court discretion meaningful. The reason why the Court's discussion seems so awkward is that the Court never intended the doc-

trine of pendent jurisdiction as outlined in *Gibbs* to apply to a purely diversity lawsuit.

■ Another factor demonstrating that *Gibbs* does not apply to a diversity, as opposed to federal question, lawsuit is Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). The traditional rule is that plaintiffs may not aggregate their claim to meet the jurisdictional amount. A corollary of the traditional rule is that a plaintiff with a claim less than the jurisdictional amount may not join his claim with the claim of another plaintiff that does meet the jurisdictional amount, C. Wright, Federal Courts § 36 (1970). *Snyder* reaffirmed these traditional rules and held that at least one named plaintiff in a *class* action based on diversity jurisdiction must allege damages in excess of $10,000. *Snyder* noted:

> "[T]he jurisdictional amount requirement applies almost exclusively to controversies based upon diversity of citizenship. * * * Suits involving issues of state law and brought on the basis of diversity of citizenship can often be most appropriately tried in state courts. * * * There is no compelling reason for this Court to overturn a settled interpretation of an important congressional statute in order to add to the burdens of an already overloaded federal court system." 394 U.S. at 341, 89 S.Ct. at 1059.

The interpretation of *Gibbs* the parties espouse would have the Court overturn a settled interpretation of 28 U.S.C. § 1332 (1971). By use of the pendent jurisdiction doctrine, plaintiffs would be able to compel the Court to hear claims involving less than $10,000 when any claim of any plaintiff in the case exceeds $10,000. This Court finds no compelling reason for expanding *Gibbs* to reach such a result.

The foregoing discussion, by implication, points out a significant feature involving the application of the pendent jurisdiction principle. Generally, that principle is applied when the issues presented include a federal claim which supports jurisdiction and a state claim which does not but the parties are identical. In the case at bar, no federal claim is asserted and the only basis for jurisdiction is diversity. Thus, here, counsel seek to apply pendent jurisdiction on the ground that since one of three separate plaintiffs has satisfied the jurisdictional amount, the Court should permit the claims of all three to be adjudicated in this Court.

The parties maintain two Court of Appeals for the Third Circuit cases require this Court apply the pendent jurisdiction doctrine to diversity cases, Schwab v. Erie Lackawanna R. R., 438 F.2d 62, 70 n. 18 (3rd Cir. 1971); Nelson v. Keefer, 451 F.2d 289 (3rd Cir. 1971). First, it should be noted that this proposition is dictum in each case. *Schwab* was decided on the basis of ancillary jurisdiction. *Nelson* held that none of the claims exceeded the $10,000 amount in controversy, 451 F.2d at 298. Second, the analysis of *Nelson* concerning *Snyder* and the rising number of diversity claims, 451 F.2d at 293–94, supports the conclusion that pendent jurisdiction should not be applied to diversity claims instead of the opposite proposition the court held. Third, the Third Circuit conceded it was going against the weight of authority and precedent when applying *Gibbs* to purely diversity cases:

> "It is appropriate to emphasize that 'this court has taken the lead in recognizing diversity jurisdiction over an entire lawsuit in tort cases presenting closely related claims based, in principal part at least, on the same operative facts and normally litigated together, even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction.'" 451 F.2d at 291.

While not addressing himself to the Third Circuit cases involved here, Professor Wright seems less than enthralled with allowing different parties to be involved on the state and federal claims. Professor Wright states:

"The pendent jurisdiction concept applies only where the same parties are involved on the state and federal claims. It does not permit bringing in an additional party to respond to a state claim on the ground that that claim is closely related to the federal claim against an existing party." C. Wright, Federal Courts § 19 (1970).

Professor Wright appears to be skeptical of the Second Circuit application of pendent jurisdiction to claims against different defendants, C. Wright, 1972 Federal Courts Pocket Part at 13–14. He certainly would reject application of the doctrine to the diversity claims of different plaintiffs.

With all deference to the Third Circuit position, it appears incongruous to this Court to find a lack of jurisdictional grounds on the one hand, and on the other to retain "jurisdiction" due to a similarity of claims, particularly when no federal claim is asserted. Additionally, it should be noted that several elements combine that would, perhaps, militate against application of the Third Circuit attitude to the case at bar, e. g., the minimal amounts involved would be subject to limited jurisdiction state courts and could be heard quickly and expeditiously and by a six-man jury; the claims could be subject to the state mediation procedures, and the claims of Charles Dahl and Ed Wydra, as passengers, would involve different legal questions as to liability, i. e., contributory negligence would not be a defense, in addition to different damage proofs.

For the above reasons, the claims of Charles Dahl and Ed Wydra must be dismissed and it is so ordered.