# BREITWIESER v. STATE.

## No. 7406.

Supreme Court of North Dakota.

Feb. 26, 1954.

Johnson & Rausch, Bismarck (Peterson & Davies, Grand Forks, of counsel), for appellant.

E. T. Christianson, Atty. Gen., Paul M. Sand, Asst. Atty. Gen., Bismarck, for appellee.

GRIMSON, Judge.

J. V. Breitwieser, Dean of the College of Education of the University of North Dakota, on March 7, 1950, while in the course of his employment, received fatal injuries in a Northwest Airlines plane crash in St. Paul, Minnesota, and died immediately. He left surviving him his widow, this appellant, and five children, all of whom were of age.

The University of North Dakota had contributed to the workmen's compensation fund of the State of North Dakota, for the protection of its employees, as provided by the workmen's compensation law, Title 65, NDRC 1943, and also carried for them the extra territorial coverage while working outside the state as provided by Sec. 65–0101, NDRC 1943. On March 27, 1950, Mrs. Breitwieser applied to the North Dakota Workmen's Compensation Bureau for compensation under the provisions of that law on account of the death of her husband upon whom she was wholly dependent.

Before any action was taken on this claim by the Bureau Mrs. Breitwieser instituted proceedings to recover damages for the death of her husband from the Northwest Airlines under Mason's Minnesota Statutes of 1927, 1944 Supp. Vol. 4, Sec. 9657, as amended Act Apr. 20, 1943, c. 538, Sec. 1, M.S.A. § 573.02, governing damages for death by wrongful act. She was his personal representative by virtue of her appointment as executrix of her husband's will. She also was his only dependent. Those negotiations were successful and the Northwest Airlines or its insurance carrier paid her the sum of $10,-000, in accordance with the provisions of that law.

Thereafter the Workmen's Compensation Bureau made its order awarding the claimant, Mrs. Breitwieser, compensation of $15.75 per week but, finding that the

workmen's compensation fund was subrogated to the rights of Mrs. Breitwieser to the $10,000 received by her from the Northwest Airlines, ordered that no payments should be made until the amount determined by the Bureau to be due to the claimant equals the sum of $10,000.

There is no dispute over the determination of the Workmen's Compensation Bureau as to the amount of weekly payments to which claimant is entitled but issue is taken with the determination of the Bureau that the fund is subrogated to the rights of Mrs. Breitwieser to the $10,000 received under the Minnesota wrongful death statute and to the application of that sum to the compensation due the claimant. It is claimed that in effect such determination amounts to a denial of compensation, as the claimant was 65 years of age and under the award of the Bureau she would not receive any payment from the fund for 12 years and 17 weeks which is beyond her life expectancy.

From this award the claimant, Mrs. Breitwieser, appealed to the district court of Burleigh County. The district court affirmed the award and findings of the Workmen's Compensation Bureau and ordered judgment accordingly. From that judgment the claimant appeals. No question is raised as to the right of the claimant, hereinafter called appellant, to appeal from this award by the Workmen's Compensation Bureau.

The sole issue on this appeal is whether the workmen's compensation fund is entitled to be subrogated to the rights of the appellant to the sum of $10,000, received by her under the wrongful death statute in Minnesota. The determination of that issue involves the consideration of two statutes, the workmen's compensation statute of North Dakota, and the wrongful death statute of Minnesota as they have been construed by the courts of the respective states and their application to the facts in this case.

The North Dakota workmen's compensation law was enacted in 1919 for the purpose of providing sure and prompt relief for workmen injured in hazardous employments and for their dependents. The object was to make an industry carry the damages resulting from injuries therein. Both employer and employee gave up certain common-law rights in order to achieve the objects of the law. Instead of the uncertain action for damages from the employer for injuries received in the employment the act made provisions for the allowance of compensation for such injuries regardless of the question of fault. It then placed on the employer the responsibility of providing a fund out of which the compensation would be paid. He had to contribute premiums in proportion to the hazard existing in his employment as found by the Workmen's Compensation Bureau, Sec. 65–0401, NDRC 1943, and his liability is limited to that. The fund then became the insurer of the employer for injuries or death occurring in his employment. Provision was also made for suits against third-party wrongdoers responsible for such injuries or death.

On that subject the provision of the North Dakota workmen's compensation law, in force at the time involved in this lawsuit, reads as follows:

"When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and obtain damages from, and proceed at law to recover damages against, such other person. If compensation is claimed and awarded under this title, the fund shall be subrogated, pro tento [pro tanto] to the rights of the injured employee or his dependents to the extent of amount of compensation paid. The action to recover such damages against such other person shall be brought in the name of the injured employee, or his dependents in the event of his death, in his or in his dependents' own

right and name for the balance of compensation due him and as trustee for the workmen's compensation bureau for what it has paid on such claim. Expenses and costs of such litigation shall be prorated between claimant and bureau, should any damages be awarded. If no damages are awarded, the cost of the litigation shall be paid by the employee." Sec. 65–0109, 1949 Supplement NDRC 1943.

Under this provision of the law if the employee claimed compensation and sued a third party the fund was subrogated pro tanto to the recovery of the employee in such lawsuit.

■■ The purpose of this provision for subrogation is to make the wrongdoer who caused the injury, contribute to the payment of compensation for that injury to employee or his dependents whenever possible. This subrogation is a part of the rights yielded by the employee for the right of speedy compensation without regard to his own fault. The injured employee or his dependents receive compensation allowed by law irrespective of the result of the lawsuit. If recovery is made that reimburses the fund for the compensation allowed the employee or his dependent. Anything recovered above that is retained by the employee or his dependent.

Mrs. Breitwieser could have brought her action in Minnesota without coming under the North Dakota workmen's compensation act. She could not, however, have come under that act except for the contract made by the University and the bureau for extraterritorial protection of her husband.

When Mrs. Breitwieser made her application for compensation under the North Dakota workmen's compensation law she elected to come under that law. She accepted the terms thereof which included the subrogation clause. She was taking advantage of the actions of the University in making contributions to the workmen's compensation fund and providing for extra territorial coverage both of which were to provide speedy compensation for her. She became bound by the law and assumed her obligation as a dependent of her husband.

■ The rights conferred on employers and employees under workmen's compensation statutes are controlled by the statutes of the state of the primary employment. Betts v. Southern Ry. Co., 4 Cir., 71 F.2d 787; Bradford Electric Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696. Those rights are purely statutory and while the provisions of the act are to be construed liberally in favor of the workmen, State v. E. W. Wylie Co., N. D., 58 N.W.2d 76, the intent of the statute must be carried out.

In Gimble v. Montana-Dakota Utilities Co., 77 N.D. 581, 44 N.W.2d 198, 203, the following construction of the subrogation clause from Tandsetter v. Oscarson, 56 N. D. 392, 217 N.W. 660, was quoted with approval:

"If compensation is claimed and awarded, the North Dakota workmen's compensation fund is subrogated to the rights of the injured employee or his dependents to recover against that person. (The third party wrongdoer.) The statute is not ambiguous. It does not say that the workmen's compensation fund shall have the right to recover, it does not extend the right to both parties, but it says the workmen's compensation fund shall be subrogated to the rights of the injured employee, and it follows that all the rights which the injured employee had to bring such action are in law conveyed to the workmen's compensation fund. 'Subrogation in its broadest sense is the substitution of one person in place of another with reference to a lawful claim of right.' 25 R.C.L. 1311."

It is, however, contended by the appellant that the subrogation clause in Sec. 65–0109, supra, is not applicable in this case because the action for wrongful death was pursued by the appellant in the State of Minnesota and under the Minnesota law. Counsel for appellant argues that neither Mrs. Breitwieser as a dependent nor the Workmen's

Compensation Bureau for the fund have any right to bring an action for damages under the Minnesota wrongful death act. That act reads as follows:

."When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. The action may be commenced within two years after the act or omission. The damages therein cannot exceed $10,000.00, and shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate; but funeral expenses, and any demand for the support of the decedent other than old age assistance, duly allowed by the probate court, shall first be deducted and paid. Provided, that if an action for such injury shall have been commenced by such decedent, and not finally determined during his life, it may be continued by his personal representative for the benefit of the same persons and for recovery of the same damages as herein provided, and the court on motion may make an order, allowing such continuance, and directing pleadings to be made and issues framed conformably to the practice in action begun under this section." Mason's Minnesota Statutes of 1927, 1944 Supp. Vol. 4, Sec. 9657, as amended, Act Apr. 20, 1943, c. 538, Sec. 1, M.S.A. § 573.02.

■ All the matters pertaining to the right of recovery for wrongful death are controlled by the laws of the state where the cause of action arose. Where an injury has been suffered in a sister state the laws of that state govern to the extent of the remedy. Dowell v. Cox, 108 Va. 460, 62 S.E. 272; State of Maryland for Use of Joynes v. Card, 175 Va. 571, 9 S.E.2d 454; Betts v. Southern Ry. Co., 4 Cir., 71 F.2d 787; Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211,

78 L.Ed. 378; Anderson v. Miller Scrap Iron Co., 169 Wis. 106, 170 N.W. 275, 171 N.W. 935; Eingartner v. Illinois Steel Co., 94 Wis. 70, 68 N.W. 664, 34 L.R.A. 503.

■ The Minnesota statute above quoted under which Mrs. Breitwieser's proceedings were had controls not only the right of action but the party in whom that right of action is vested and for whose benefit any recovery will accrue. We must, therefore, look to the construction given this Minnesota act by Minnesota courts to see who may bring such action and for whose benefit.

■ The Supreme Court of Minnesota in construing the wrongful death statute of that state has held that that statute does not vest a cause of action for wrongful death exclusively in the personal representative of the deceased but that such action may be maintained by a dependent of the deceased as well, and that where a dependent, who is entitled to and has claimed workmen's compensation for his loss, recovers damages in such an action, the employer of the deceased is entitled to subrogation to the extent of his liability to such dependent under the workmen's compensation law. In the case of Fidelity & Casualty Co., v. St. Paul Gas Light Co., 152 Minn. 197, 188 N.W. 265, the court said:

"A careful reading of the pertinent provisions of the Compensation Act discloses no language indicating a legislative purpose or intent by the third party provisions thereof of creating any new remedy for the death of an employee by the negligent act of a person other than his employer. A remedy for a wrong of that character existed at the time of the passage of the compensation statute, under the death by wrongful act statute, just referred to, and there was no occasion for supplementing or adding thereto by further legislation. The act expressly recognizes the existence of the remedy, and *provides that an injured employee or his dependents, where death results from the negligent or wrongful act of a third person, may at his or their option*

*pursue it against the third person, or demand compensation from the employer.* \* \* \* (Italics ours.)

The plaintiff in that case had insured the employer and under the statute became subrogated to the right of the employer to reimbursement from the third-party wrongdoer for the amount awarded to the dependent of the deceased under the Minnesota workmen's compensation act.

In the instant case the workmen's compensation fund, being entitled to subrogation under our act, is in a position similar to that of the plaintiff who was the insurer in the Minnesota case and is entitled to be subrogated to the right of the dependent, Mrs. Breitwieser, to recover under the Minnesota wrongful death statute. Mrs. Breitwieser, as the personal representative and dependent of her deceased husband, had a cause of action in either capacity under that statute. She recovered damages against the negligent third party under that statute. To the extent that the North Dakota workmen's compensation award covers the same injury that she suffered through the loss of her husband by his wrongful death, her recovery, as represented by the amount actually paid to her, inures to the benefit of the insurer, the North Dakota workmen's compensation fund. It follows that the bureau may properly insist that the amount so received by her shall first be exhausted in accordance with the terms of the award before the bureau be required to make further payment. In other words, she must exhaust the sum received by her which represents a right of recovery to which the fund would be subrogated under our workmen's compensation law before she is entitled to payment by the bureau under the award.

Counsel for the appellant relies on the case of Anderson v. Miller Scrap Iron Co., 176 Wis. 521, 182 N.W. 852, 853, in support of his position. In that case the question involved was whether the employer or his insurer under the Wisconsin Workmen's Compensation Act had succeeded to the rights of the injured employee and could bring an action for damages under the wrongful death statute of Michigan where the fatal injury occurred. The Miller Scrap Iron Co. was the employer and claimed to have acquired the cause of action against Herman Miller, the third-party wrongdoer by the Wisconsin workmen's compensation act, Sec. 2394–25, Wisconsin Statutes 1919, which provides:

" 'The making of a lawful claim against an employer or compensation insurer for compensation under sections 2394–3 to 2394–31, inclusive, for the injury or death of an employé shall operate as an assignment of any cause of action in tort which the employé or his personal representative may have against any other party for such injury or death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear.' "

The court held that this section operated as an assignment of any cause of action that the employee or his personal representative might have against a third party where the employee or his personal representative is the applicant for compensation under the workmen's compensation act of Wisconsin and that an action under the wrongful death statute might be brought by the employer or insurer as such assignee in Wisconsin. The court says that while an employee cannot by contract in his lifetime assign a cause of action created for the benefit of those who survive him because he has no interest therein as it does not accrue until his death yet the "cause of action is at all times under the control of the Legislature of this state, which body may provide a different remedy under certain conditions, and provide that, when the employer pays compensation, the cause of action which the personal representatives of the deceased had against a third party shall stand assigned to the employer." The court also says: "When the employer pays the compensation required by the terms of the Compensation Act, the cause of action created by section 4255 (Wrongful death statute of

Wisconsin) against the third party shall be assigned to him as a matter of law. * * *" Apparently no such change had been made by the legislature in Michigan. The court held that the liability in Michigan under the wrongful death statute was in favor of the decedent's estate and was under control of the administratrix who was the plaintiff in the case and that she was only one who could bring such an action. Under that interpretation neither the employee or his dependent nor the employer had any right to bring an action under the wrongful death statute of Michigan. That is not the situation in the instant case where as we have shown an employee or his dependents may bring an action under the wrongful death statute in Minnesota.

There is, however, as contended by counsel for the appellant, one feature of the Minnesota wrongful death statute which is in conflict with the North Dakota workmen's compensation act and on which appellant's counsel is supported by the Anderson case. Under the North Dakota statute all of the compensation goes to the dependents. Under the Minnesota wrongful death statute any recovery goes to the "surviving spouse and next of kin" and is to be divided in the same proportion as personal property of persons dying intestate that is one-third to the widow and two-thirds to the heirs. 3 Mason Minnesota St.1938 Supp. Sec. 8992–29, M.S.A. § 525.16. In accordance therewith only the one-third of the amount received could be distributed to Mrs. Breitwieser, the only dependent. The rest of the money was to be distributed to the other legal heirs.

■ On this matter of the distribution of the recovery the Minnesota law must govern because that is where the cause of action arose. Any application of the North Dakota law on the matter of distribution of recovery under Minnesota law would be to give the North Dakota law extraterritorial power.

On this point the court in Anderson v. Miller Scrap Iron Co., supra, said:

"To recognize the right of the Legislature of this state (Wisconsin) to say that * * * it (the cause of action) shall inure to the benefit of any except those specified by the law of Michigan is to ascribe to the Legislature of this state extraterritorial power. To apply the provisions of the Workmen's Compensation Act to the present cause of action is to take away from some of the beneficiaries of that cause of action the benefits thereof and confer them upon another. Neither the Legislature nor the courts of this state have power to interfere with the cause of action created by the laws of a sister state."

In an action brought by the administratrix of a resident of Alabama for damages under the wrongful death statute of Florida, F.S.A. §§ 768.01, 768.02, the court held: "As to the objection grounded on the different disposition of the fund by the laws of Florida and the laws of Alabama, it is enough to say that the law of Florida which gives the right, and gives direction to the proceeds of such a recovery, is the law of the case both as to the recovery and to the disposition of the proceeds." Florida Central & Peninsular Railroad Co. v. Sullivan, Adm'x, 5 Cir., 120 F. 799, 801, 61 L.R.A. 410. See also A.L.I. Conflict of Laws, Chapter 9, p. 481; 16 Am.Jur., Death, Secs. 247, 248, p. 170.

The Minnesota Supreme Court has passed on the manner of the distribution of recovery under the Minnesota wrongful death act in the case of Joel v. Peter Dale-Garage, 206 Minn. 580, 289 N.W. 524. One Martin Joel, insured under the Minnesota Workmen's Compensation law, sustained fatal injuries in an automobile collision. The widow, Dora Joel, as administratrix, brought action for wrongful death against the wrongdoer and recovered $9,500. That recovery was distributed one-third to the widow. The remaining two-thirds was equally divided among eight children, three of whom were minors. Then Mrs. Joel claimed benefits under the workmen's compensation law of

Minnesota. The employer and his insurer admitted liability but claimed credit on the compensation for the entire net proceeds of the settlement including the sums received by the five children who were not dependents. The district court held that the employer and insurer were entitled only to credit for the share received by the dependents—the widow and the three minor children. On an appeal the supreme court held that the Minnesota workmen's compensation act did not amend the wrongful death act as to the distribution of proceeds and the order of the district court allowing only the share of the dependents on the compensation was affirmed.

It is, therefore, clear that only the amount awarded under the Minnesota statute to Mrs. Breitwieser, the dependent, can be claimed as credit on the compensation due her under the workmen's compensation act. One-third of the recovery less one-third of the expense of the settlement is all she recovered. The workmen's compensation fund is subrogated only to that extent.

It is, however, contended by counsel for the appellant that the workmen's compensation fund was not entitled to be subrogated to Mrs. Breitwieser's right of recovery in the instant case because no payments had been made out of the fund on the compensation and that payment of the compensation was a prerequisite to subrogation. Sec. 65–0109, supra, provides: "If compensation is claimed and awarded under this title, the fund shall be subrogated pro tento [pro tanto] to the rights of the injured employee or his dependents to the extent of amount of compensation paid." Then this section says that the action against a third party shall be brought by the dependent for "the balance of compensation due him and as trustee for the workmen's compensation bureau for what it has paid on such claim." That does not mean that no third-party action can be brought until the compensation is paid in full. The workmen's compensation act must be interpreted as a whole and not by taking a single word here and there to determine its true meaning. In re Milwaukee Chapter, Izaak Walton League of America, 194 Wis. 437, 216 N.W. 493, 495. When that section is construed as a whole it means that the dependent must refund out of her recovery anything she has been paid on the compensation due her and keep the balance to apply on the compensation awarded and not paid. That is just what the bureau has attempted to do in this case. Nothing has been paid to the claimant so there is no reimbursement to be made to the fund. The bureau is trying to apply the whole of the recovery on the amount that has been awarded as compensation. It can however, apply only the amount actually received by Mrs. Breitwieser as a dependent, as hereinbefore shown.

The judgment of the district court is modified and the case is remanded to the district court with directions to vacate the judgment herein and to remand the case to the workmen's compensation bureau with directions to modify its award of compensation to the claimant by crediting thereon only the net one-third of the amount of the recovery in the Minnesota action.

MORRIS, C. J., and SATHRE and BURKE, JJ., concur.