Evelyn F. MAGER, Plaintiff and Appellant,

and

Wayne Mager et al., Plaintiffs,

v.

Irvin T. MAGER, Defendant and Respondent.

Civ. No. 8783.

Supreme Court of North Dakota.

May 1, 1972.

Wattam, Vogel, Vogel & Peterson, Fargo, for plaintiff and appellant.

Lanier, Knox & Olson, Fargo, for defendant and respondent.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, amicus curiae.

STRUTZ, Chief Justice.

The plaintiff appeals from the judgment of the district court dismissing her complaint against the defendant. The plaintiff and the defendant are husband and wife. Prior to and at the time of the accident in question, the plaintiff and the defendant were married and resided on a farm near Warren, Minnesota.

On December 14, 1969, the plaintiff was seriously injured when her husband, the defendant herein, drove the car in which they and their three children were riding, into a Burlington Northern train at a crossing in Argyle, Minnesota. As a result of such injuries, the plaintiff was transferred from Warren, Minnesota, to St. Luke's Hospital in Fargo, North Dakota, where she underwent extensive medical treatment.

The plaintiff commenced her action in the district court of Cass County, North Dakota, for the recovery of damages for personal injuries sustained as a result of the accident. Process was served upon the defendant at the Cass County sheriff's office in Fargo. A second action was commenced by the plaintiff as next friend for damages for personal injuries sustained by the three children, but that matter is not before this court on this appeal.

The district court of Cass County held that the Cass County district court was a convenient forum, but dismissed plaintiff's complaint on the ground that her personal-injury claim was barred by the doctrine of interspousal immunity, which had not been abrogated in the State of Minnesota at the time the accident occurred. From the judgment dismissing her action, the plaintiff takes this appeal and has served with her notice of appeal four specifications of error setting forth the errors of law complained of. These specifications of error are:

1. That the court erred in concluding that the rule of interspousal immunity is a substantive right, and not a procedural remedy;

2. That the court erred in concluding that the law of the State where the accident occurred, rather than the law of the forum, should be applied in determining whether remedies for negligence are available in an action by a wife against her husband;

3. That the court erred in concluding that that part of the Minnesota Supreme Court's decision which abrogated interspousal immunity, but held its decision to be prospective only, was substantive rather than procedural in nature; and

4. That the court erred in dismissing the plaintiff's first cause of action on the ground that the law of Minnesota, rather than the law of North Dakota, determined whether the plaintiff could sue her husband for damages for personal injuries resulting from his negligence.

The issue to be decided on this appeal is whether the plaintiff's right to sue her husband should be decided by the law of Minnesota as it existed at the time of the alleged tort, or by the law of North Dakota, where this action was brought. The doctrine of interspousal immunity has been renounced in this State for many years. In Fitzmaurice v. Fitzmaurice, 62 N.D. 191, 242 N.W. 526 (1932), this court interpreted Section 4411 of the Compiled Laws of 1913 as providing that a married woman may maintain an action against her husband for personal injuries suffered by her because of his negligence. Minnesota, on the other hand, only recently abrogated the doctrine of interspousal immunity for actions in tort, by a decision of its Supreme Court in Beaudette v. Frana, 285 Minn. 366, 173 N.W.2d 416 (1969). In that case, the Minnesota court said:

"We hold that the absolute defense of interspousal immunity in actions for tort is abrogated prospectively, as to all caus-

es of action arising after this date, and is abrogated as to the instant cases."

The decision in *Beaudette* was rendered on December 19, 1969. The accident in the case before us occurred on December 14, 1969, just five days before the *Beaudette* decision.

■ This court, in the recent decision of Issendorf v. Olson, 194 N.W.2d 750 (N.D. 1972), adopted the significant-contacts rule as the choice-of-law rule to be applied in tort litigation in this State when the wrong complained of occurred in a foreign State. We thus abandoned the rule that in determining the choice of laws in tort cases the law of the place where the tort occurred would be applied.

The appellant cites the case of Berghammer v. Smith, 185 N.W.2d 226 (Iowa 1971), where the action was brought in the State of Iowa by Minnesota residents against an Illinois trucking company for injuries arising out of an accident which took place in Iowa. One of the plaintiffs, a resident of Minnesota, was permitted to offer proof of loss of consortium because of injuries sustained by her husband. The Iowa Supreme Court, in applying Minnesota law under choice-of-law rules, held that even though Minnesota, in abandoning its rule preventing recovery by a wife for loss of consortium, had made its decision applicable prospectively to accidents occurring after September 19, 1969, Iowa was not bound to make the new Minnesota rule prospective. The accident in *Berghammer* occurred in September of 1966, prior to the prospective date fixed by the Minnesota court.

We do not comment on the correctness of the decision of the Iowa court in *Berghammer*. We do believe, however, that that case clearly can be distinguished from the case here under consideration. In the first place, not only was Iowa the forum State but it also was the State in which the accident occurred. In our case, North Dakota is the forum State, but the accident did not take place here. It occurred in the

State of Minnesota. Furthermore, in *Berghammer* the defendant was an Ilinois resident whose State, prior to the accident in *Berghammer*, had abolished the rule against permitting women to recover for loss of consortium. The Iowa court pointed out that because the defendant was an Illinois resident, and Illinois had abolished the rule preventing women from recovering for loss of consortium, the defendant could not claim surprise or injustice at the application of this new rule against him. In the case at bar, both the plaintiff and the defendant are residents of Minnesota. It is possible that the defendant in our case could claim surprise and injustice if we should hold him liable in tort for injuries resulting from an accident which took place in the State of Minnesota, when the courts of that State clearly would not hold him liable.

■ Applying the rule of most significant relationships, as we must do in the light of our decision in *Issendorf*, the State of Minnesota clearly would be the jurisdiction with most significant relationships. Both parties were domiciled in that State. The journey of the parties took place entirely within Minnesota. The alleged wrongful act and the injuries complained of which resulted therefrom took place in that State. The only thing that occurred in North Dakota was the hospitalization and treatment of the plaintiff in Fargo. Therefore, applying the significant-contacts rule in this case, we conclude that the trial court was correct in ruling that the plaintiff's claim was barred by the Minnesota doctrine of interspousal immunity still in force on the date of the accident.

The final contention of the plaintiff is that our courts should look neither to the law of the forum nor to the law of the place of the alleged tort, but should apply the "better law." She argues that inasmuch as North Dakota had overruled interspousal immunity some forty years ago in the case of Fitzmaurice v. Fitzmaurice, *supra*, and that Minnesota now has done the same in *Beaudette*, our court should

disregard the prospective provision of the Minnesota law and allow the plaintiff to bring her action in this State. In support of this position, the plaintiff cites the Wisconsin case of Zelinger v. State Sand and Gravel Co., 38 Wis.2d 98, 156 N.W.2d 466, 473 (1968), where the Wisconsin court says:

"While in this case we consider our own law to be the better law, we must state it is applied for that reason and not because it is the law of the place of wrong or the law of the forum. All other considerations being the same on this issue, we would apply the law of a non-forum state if it were the better law."

A close examination of Zelinger indicates that it, too, can be distinguished from the case which we now have before us. Zelinger involved a conflict-of-laws question as to whether the law of Illinois or the law of Wisconsin should govern with regard to the issue of contribution arising out of the Wisconsin accident involving a Wisconsin resident and an Illinois resident. After a review of Wisconsin's adoption of the "interest analysis" approach to conflict-of-laws problems, the court concluded that by applying such an approach the Wisconsin law was the better law. The court stated, at 473:

"For the purpose of determining whether a Wisconsin resident involved in a Wisconsin accident can recover contribution from an Illinois wife when her husband sues in Wisconsin, we think the Illinois interest of the preservation of family integrity seems hardly to be in jeopardy and also the interest served by the host-guest statute and parental immunity is scarcely impinged upon."

In Zelinger, one of the parties was a Wisconsin resident and the accident happened in Wisconsin. The case therefore can be distinguished from our case on the facts. The Wisconsin court's decision that its law was the "better law" was based, we believe, largely on the fact that a Wisconsin resident's rights were involved; that

the accident occurred in Wisconsin; and that Wisconsin also was the forum State.

Having adopted the significant-contacts rule as the choice of law in this State, and having abandoned the doctrine that the law of the place where the accident occurred should be applied in determining whether remedies for negligence are available, and having found that the State of Minnesota is the place of most significant contacts, we hold that the trial court correctly applied the law of the State of Minnesota in determinng that the defense of interspousal immunity was available to the defendant in an action brought in this State.

For reasons stated in this opinion, the judgment of the trial court is affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.