Emil F. PAUR, Personal Representative of the Estate of Glenn Allen Paur, and Emil F. Paur, Individually and as surviving father of Glenn Allen Paur, pursuant to Chapter 32–21, N.D.C.C., Plaintiffs,

v.

CROOKSTON MARINE, INC., a Minnesota Corporation and Brunswick Corporation, a Delaware Corporation, Defendants.

CROOKSTON MARINE, INC., a Minnesota Corporation, Defendant and Third-Party Plaintiff,

v.

Lewis W. ORING, the University of North Dakota, and Lund American, Inc., Third-Party Defendants.

BRUNSWICK CORPORATION, Defendant and Third-Party Plaintiff,

v.

SHAKESPEARE, INC., Third-Party Defendant.

Civ. No. A2–79–37.

United States District Court,
D. North Dakota,
Northeastern Division.

Sept. 14, 1979.

468

Patrick W. Fisher, Shaft, McConn, Fisher & Thune, Ltd., Grand Forks, N.D., for plaintiffs.

Lowell A. O'Grady, O'Grady & Morley, Grand Forks, N.D., for Brunswick Corp.

Paul G. Woutat, Vaaler, Gillig, Warcup, Woutat & Zimney, Grand Forks, N.D., for Crookston Marine.

Jay H. Fiedler, Letnes, Marshall, Hunter & Fiedler, Ltd., Grand Forks, N.D., for Shakespeare, Inc.

Boyd L. Wright, Sp. Asst. Atty. Gen., Grand Forks, N.D., for Lewis W. Oring & University of N.D.

James L. Lamb, Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, N.D., for Lund American, Inc.

## ORDER

BENSON, Chief Judge.

The above entitled action arises out of an incident that occurred on May 16, 1978, wherein the plaintiff's decedent, while riding as a passenger in a boat on Leech Lake, Cass County, Minnesota, was killed when the boat went out of control, spilling the occupants into the lake. The boat was owned by the University of North Dakota and operated by Lewis Oring, an employee of the University. Plaintiff's decedent was also employed by the University in connection with a research project at the time of the incident. Plaintiff commenced this action against Crookston Marine as retail seller of the boat and Brunswick Corporation as manufacturer of the boat motor, seeking to recover damages. Plaintiff alleged that the boat mishap was caused by the defective condition of the boat motor and sought recovery under theories of breach of express and implied warranties, negligence, and strict products liability.

Crookston Marine later filed a third-party complaint, naming as third-party defendants Lewis Oring, the University of North Dakota, and Lund American, Inc., manufacturer of the boat, seeking contribution and/or indemnity.

Brunswick Corporation filed a third-party complaint against Shakespeare, Inc., manufacturer of the throttle mechanism in the boat motor and cross-claims against Lund American, Crookston Marine, the University and Lewis Oring.

Shakespeare, Inc. later filed cross-claims against Lewis Oring, the University of North Dakota, Lund American, and Crookston Marine,[1] seeking contribution and/or indemnity.

Three separate motions were filed and are now at issue before the court. (1) Lund American has moved to have Crookston Marine's third-party complaint dismissed for failure to state a claim cognizable under Rule 14. (2) Lund American has also moved to dismiss Brunswick Corporation's and Shakespeare's cross-claims as improper under Rule 13(g). (3) The University of North Dakota and Lewis Oring move to dismiss Crookston Marine's third-party complaint and Brunswick Corporation's and Shakespeare's cross-claims on the grounds of sovereign immunity under the Eleventh Amendment and exemption from liability under workmen's compensation laws.

## I. CROOKSTON MARINE'S THIRD-PARTY COMPLAINT AGAINST LUND AMERICAN.

Lund American asserts that the third-party complaint fails to state any facts that could constitute notice to Lund as to what the alleged defect is and should be dismissed under F.R.Civ.P. 12(b)(6).

■ The third-party complaint alleges that Lund American negligently manufactured the boat. It further alleges that the boat was in a defective condition, unreasonably dangerous to a user in that it was defective in manufacture, design, and in a failure to warn and/or instruct a user of the boat. The court finds that the third-party complaint does state a claim upon which relief may be granted.

In addition to the third-party complaint, Lund American has the benefit of the original complaint attached thereto and which becomes a part of the third-party complaint. F.R.Civ.P. 10(a). The original complaint specifically describes the boat as a 16 foot Lund Pike. It further describes the factual details of the incident, including when it occurred, who was involved, and the manner in which it occurred.

---

1. The claim against Crookston Marine was designated a counter-claim but is in fact a cross-claim and will be treated as such.

All that is required by Rule 8, Fed.R. Civ.P., by way of pleading a claim is "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 is to be liberally construed. A pleading which gives defendant fair notice of what plaintiff's claim is and the grounds upon which it rests complies with the rule.

*Hanson v. Hunt Oil Company*, 398 F.2d 578, 581 (8th Cir. 1968). The pleadings served upon Lund American have given it fair notice that it is allegedly liable under theories of negligence and strict products liability for a defect in the boat which contributed to the described incident. Additional information relative to the specific defect alleged is available to it by means of pretrial discovery. Rule 8 requires nothing more. *See* Wright and Miller, Federal Practice & Procedure, § 1218 (1969).

■ Lund American also alleges that Crookston Marine's third-party claim of a defect in the boat is improper under Rule 14 since plaintiff's original complaint alleged only a defect in the boat motor, making no reference to a defect in the boat. Rule 14 provides that a defendant may join as a third-party defendant a person "who is or may be liable to him for all or part of the plaintiff's claim against him." This has been liberally interpreted to allow third-party claims to be asserted even though they do not allege the same cause of action or the same theory of liability as the original complaint. *See e. g., Judd v. General Motors Corp.*, 65 F.R.D. 612, 614 (M.D.Penn. 1974); 3 Moore's Federal Practice ¶ 14.07(1) (1979). Therefore it is of no consequence that the original complaint did not allege a defect in the boat.

■ Crookston Marine's third-party complaint against Lund American alleges that Lund American's acts were "the sole or contributing cause of the death of plaintiff's decedent" and is liable for "all or a part of the Plaintiff's claim against it by right of contribution and/or indemnity." Lund American asserts that Rule 14 allows a defendant to implead one who is or may be liable to the defendant, and may not

substitute the third party as one liable to the plaintiff. It alleges that Crookston Marine is attempting to prove Lund American as being the "sole" cause of the injury and disclaiming its own liability in the matter. Lund American's assertion of the law is correct, *see Murray v. Reliance Insurance Co.*, 60 F.R.D. 390, 391 (D.Minn.1973), but Crookston Marine, contrary to Lund American's allegations, has not attempted to substitute Lund American's liability for its own. It alleges that Lund American is a "sole *or* a contributing cause" and seeks contribution or indemnity. A third-party claim is proper under Rule 14(a) if the third-party's liability is in some way dependent on the outcome of the main claim, or the third party is secondarily liable to defendant. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *United States Fidelity & Guaranty Co. v. American State Bank*, 372 F.2d 449, 450 (10th Cir. 1967). Since contribution is a secondary or derivative liability and is recognized as a basis for bringing a third-party claim, *see* Wright and Miller, Federal Practice and Procedure § 1446 (1971), Crookston Marine's claim is a proper one under Rule 14.

■ It is alleged by Lund American that the applicable law does not allow indemnity in the present case so that the third-party complaint should be dismissed. The court need not address that issue since Crookston Marine has asked for contribution as well. A motion to dismiss will not be granted unless Crookston Marine is clearly not entitled to *any* relief against Lund American. The third party complaint will not be dismissed merely because Crookston Marine may not be entitled to as much indemnity as it seeks in the third-party complaint. *Williams v. Midland Constructors*, 221 F.Supp. 400, 403 (E.D.Ark.1963). Therefore, if a potential right to contribution could be found to exist between Lund American and Crookston Marine, the latter's third-party complaint will not be dismissed, even though no right to indemnity would be possible.

■ Rule 14 does not grant any substantive rights. "If by the law of the state a joint tortfeasor is not liable to his co-tortfeasor for contribution, no such liability can be imposed upon him by the federal court on a third-party complaint under Rule 14." *D'Onofrio Constr. Co. v. Recon Co.*, 255 F.2d 904, 906 (1st Cir. 1958).

Both Lund American and Crookston Marine agree that under the "significant contacts approach" adopted in *Issendorf v. Olson*, 194 N.W.2d 750 (N.D.1972), Minnesota law governs the issue of contribution between them.

■ Under Minnesota law, "[t]he right to contribution arises where the common liability of two or more joint tortfeasors to a third person has been established, and one joint tortfeasor has paid more than his share of the common obligation." *Radmacher v. Cardinal*, 264 Minn. 72, 74, 117 N.W.2d 738, 740 (1962). *See also Hart v. Cessna Aircraft Co.*, Minn., 276 N.W.2d 166, 168 (1979). Such common liability exists when two or more actors are liable to the injured party for the same damages, even though liability may rest on different grounds. *Farmers Ins. Exchange v. Village of Hewitt*, 274 Minn. 246, 249, 143 N.W.2d 230, 233 (1966).

■ The "is or may be liable" language of Rule 14 means that only the potential for liability must exist. Thus if there is potential common liability between Crookston Marine and Lund American, and Crookston Marine may have to pay more than its obligation, a right to contribution within the meaning of Rule 14 exists. If the boat should be found to be defective as alleged in the third party complaint and to have contributed to plaintiff's injuries, Crookston Marine as retailer and Lund American as manufacturer would have common liability to plaintiff under accepted negligence, strict products liability and warranty theories. Plaintiff could have sued both Crookston Marine and Lund American for any defect in the boat and both would be potentially liable to plaintiff. Under Minnesota law, this type of common liability is sufficient to support a right to contribution.

## II. BRUNSWICK CORPORATION'S AND SHAKESPEARE'S CROSS-CLAIMS AGAINST LUND AMERICAN.

■ In its cross-claim against Lund American, Brunswick Corporation "prays for a judgment dismissing Plaintiff's Complaint and/or in the alternative for a judgment against the Third Party Defendant in favor of Plaintiff. . . ." Although Lund American states several grounds on which to dismiss the third-party complaint, the court sees one as dispositive. Rule 8(a) provides that a cross-claim must contain a short and plain statement of the *claim* showing that the pleader is entitled to relief. This means some affirmative relief must be requested against Lund American. Brunswick Corporation has alleged facts which would if proved relieve it of any and all liability for plaintiff's injury and it seeks to substitute Lund American as one directly liable to plaintiff. It alleges no affirmative relief or claim against Lund American as is required by Rule 8(a). *See Washington Building Rlty. Corp. v. Peoples Drug Stores*, 82 U.S.App.D.C. 119, 120, 161 F.2d 879, 880 (D.C.Cir.1947). As such it fails to state a claim upon which relief may be granted.

■ Rule 13(g) of the Federal Rules of Civil Procedure states "[a] pleading may state as a cross-claim any claim by one party *against a co-party . . . .*" (Emphasis added). In *Murray v. Haverford Hospital Corp.*, 278 F.Supp. 5 (E.D.Pa.1968), the court disagreed with *Fogel v. United Gas Improvement Co.*, 32 F.R.D. 202 (E.D. Pa.1963) which had held that "co-party" does not mean equal party so that an original defendant was allowed to bring a cross-claim against a third-party defendant brought in by another original defendant. The court in *Murray* relied on the language in Rule 14 which states that a third-party defendant may bring "cross-claims against other third-party defendants as provided in Rule 13." 278 F.Supp. at 6.

The language quoted amply indicates the clear intent of the framers of the

Federal Rules to characterize co-parties as parties having like status. Were the intent otherwise confusion would result, as in this case, with some defendants serving third-party complaints under Rule 14, *after obtaining leave of court*, and other defendants simply filing cross-claims purportedly under Rule 13(g), which does not require summons and complaint or, under any circumstances, leave of court to serve notice to the plaintiff upon motion and notice to all parties to the action.

*Id.* at 7. The court in *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 65–66 (3rd Cir. 1971) adopted the view expressed in *Murray* over that in *Fogel* and held that cross-claims are to be asserted against parties having like status such as, co-defendants.

This court too views the rule in the *Murray* case as persuasive and adopts it as the rule to be applied in the instant case.

 Shakespeare, Inc. was impleaded by Brunswick Corporation and Lund American was impleaded by Crookston Marine. This court had previously held that a third-party action is distinct from the main action. *Howard v. Ward Cty.*, 418 F.Supp. 494, 507 (D.N.D.1976). The very nature of these two third party actions suggest that they are also separate and distinct from each other. They were brought separately and brought by different third party plaintiffs. That being the case, Lund American and Shakespeare are not parties of equal status and are thus not *co-parties* under Rule 13(g). Thus, Shakespeare's cross-claim against Lund American is improper. Neither are Brunswick Corporation and Lund American co-parties as defined in *Murray, supra,* so that it would not be possible for Brunswick Corporation to assert a proper *cross-claim* against Lund American.

## III. CROSS–CLAIMS AND THIRD–PARTY COMPLAINT AGAINST THE UNIVERSITY AND LEWIS ORING.

The University and its employee Lewis Oring seek to have Crookston Marine's third-party complaint, and Brunswick Cor-

poration's and Shakespeare's cross-claims dismissed on two distinct grounds. The first is based on sovereign immunity under the eleventh amendment. Assuming jurisdiction, the court determines that the second ground is dispositive here and it will not rule on the sovereign immunity ground. The University in its second ground alleges that pursuant to North Dakota Workmen's Compensation laws, it and Lewis Oring are exempt from suit.

It is undisputed that on or about June 7, 1978, the North Dakota Workmen's Compensation Bureau paid a three thousand dollar death award to the parents of the deceased pursuant to sections 65–05–19 and 65–05–26 of the North Dakota Century Code. There is some dispute, however, whether Minnesota or North Dakota law should govern the issue of the University's and Lewis Oring's immunity from suit under workmen's compensation laws.

 Under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), it is well established that a federal court must apply the law of the forum in which it is located. This means that the court must look to North Dakota's choice of law rules. *Klaxen Co. v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

 In a conflict of laws situation, a court must characterize the issue before it in order to determine what law will apply, this process sometimes being called "classification" or "qualification." *See* 16 Am. Jur.2d *Conflict of Laws* § 3 (1964). The courts have long recognized that they are not bound to decide all issues under the local law of a single state. Rather each issue is to receive separate consideration if it is one which would be resolved differently under the local law rule of two or more of the potentially interested states. Restatement (Second) of Conflict of Laws § 145 comment d (1971). Therefore, even though Minnesota law may govern the substantive right to contribution between other parties to this law suit, it need not necessarily govern the issues of the University's and

Lewis Oring's liability under the workmen's compensation statute.

In *Breitwieser v. State,* 62 N.W.2d 900 (N.D.1954), although it was held that all matters pertaining to the right of recovery for wrongful death are controlled by the laws of the state where the cause of action arose, 62 N.W.2d at 904, "[t]he rights conferred on employers and employees under workmen's compensation statutes are controlled by the statutes of the state of the primary employment." *Id.* at 903. Since the deceased was employed by the University in North Dakota, and was in fact himself a North Dakota resident, it appears that North Dakota is the state of the primary employment, and under *Breitwieser,* its laws should govern the issues at hand.

In *Issendorf v. Olson,* 194 N.W.2d 750 (N.D.1972), however, the North Dakota Supreme Court adopted the "significant contacts" rule as the choice of law rule in tort litigation. *See also Mager v. Mager,* 197 N.W.2d 626 (N.D.1972). There is no indication that this new rule in any way affects the *Breitwieser* rule as to workmen's compensation issues. But regardless of the rule stated in *Breitwieser,* this court finds that even under the "significant contacts" approach, North Dakota law should govern the workmen's compensation issue as to immunity from suit. The University of North Dakota is a subdivision of the state and thus has a strong interest in being governed by North Dakota laws. Both Lewis Oring and the deceased were residents of North Dakota. The University has paid into the workmen's compensation fund in behalf of the deceased, and the parents of the deceased availed themselves of the benefits from the North Dakota Workmen's Compensation Bureau. It is this court's conclusion that the contacts with North Dakota are more significant than those with Minnesota in reference to the University's and Lewis Oring's immunity from suit pursuant to the workmen's compensation statute.

Therefore, either under *Breitwieser* or *Issendorf,* North Dakota law is ruled applicable to the instant issue.

Section 65–01–08 of the North Dakota Century Code states as follows:

Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer *or against any agent, servant, or other employee* of such employer for damages for personal injuries, but shall look solely to the fund for compensation.

N.D.Cent.Code § 65–01–08 (1960) (emphasis added). The University's status as a contributing employer is established by the Bureau's award of three thousand dollars to plaintiff. *Cf. Lovelette v. Braun,* 293 F.Supp. 41, 44 (D.N.D.1968). The employee's sole remedy under North Dakota law is to seek benefits from the workmen's compensation fund for an injury sustained in the course of employment, which was caused by the negligent act of a co-employee. *Stine v. Weiner,* 238 N.W.2d 918, 925 (N.D.1976). Therefore, the decedent's parents would be barred from seeking damages from either the University or Lewis Oring for the death causing injury.

This court has in the past held that compliance with the North Dakota Workmen's Compensation Act precludes any action from contribution or indemnity against the complying employer. *White v. McKenzie Electric Cooperative, Inc.,* 225 F.Supp. 940 (D.N.D.1964). Since such a complying employer is not liable to the injured employee, there does not exist the "common liability" which is required for contribution and noncontractual indemnity actions. *Id.* at 945–46. Therefore, any action against the University for contribution or indemnity is barred. By the same reasoning used in *White,* this court holds that since the plaintiffs would be precluded by section 65–01–08 from seeking damages from an employee of the University, that section also precludes any action for common law contribution or indemnity against Lewis Oring.

IT IS ORDERED that the motion to dismiss the third-party complaint and cross-claim against the University of North Dakota and Lewis Oring is granted and that Crookston Marine's third-party complaint and Brunswick Corporation's and Shakespeare's cross-claims against the University and Lewis Oring are dismissed.

IT IS FURTHER ORDERED that Lund American's motion to dismiss Brunswick Corporation's and Shakespeare's cross-claims is granted and that these cross-claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Lund American's motion to dismiss Crookston Marine's third-party complaint is denied.